HENRY C. HOLBROOK, plaintiff in error, vs. STILLMAN DAVIDSON, defendant in error.

1. Where A trades to B a promissory note, before due, for land, and represents that the note is good, and secured by a mortgage which he holds against the maker to secure its payment and the payment of other notes retained by A; and without B's consent, trades off the mortgage for stock to the maker thereof—canceling and annulling the same—and the maker of the note is sued to insolvency and bankruptcy:
Held, that A is responsible to B for the value of the note.

Promissory notes. Contracts. Sales. Before Judge CRAWFORD. Taylor Superior Court. April Term, 1877.

Reported in the opinion.

W. S. Wallace, for plaintiff in error.

No appearance for defendant.

Jackson, Judge.

This was a suit brought by Davidson against Holbrook for the recovery of the value of a note which Holbrook had traded to Davidson for a tract of land. There were several counts in the declaration. That on which the case appears to have turned, was to the effect that Holbrook represented to Davidson that he held a mortgage which abundantly secured this note and others which he held on the same person, a man by the name of Potter, and that this note traded to Davidson was good and perfectly secured by the mortgage, and that Holbrook would so use the mortgage as to secure the note; but that Holbrook had parted with the mortgage to said Potter, annulling and canceling the same without the consent of Davidson, and Potter was insolvent and sued to insolvency.

The plea of the defendant was, in substance, that he did trade the note, and did say that he held certain securities, but that he was to use them in the best manner he could to secure his own notes and that which he traded to Davidson, and that he traded the securities to Potter for stock in a certain company, and offered Davidson his proportionate part thereof, and he refused it. On the issue made on these pleadings, the parties went to trial, and the jury found for the plaintiff. The defendant moved for a new trial, it was refused, and the defendant excepted.

The evidence was somewhat conflicting, but the weight is with the verdict. Two letters, one dated in 1870, just before the trade, and the other in 1872, from Holbrook to Davidson, show that the plaintiff's account of the transaction is correct. The proof is clear that Holbrook held a mortgage on Potter and traded the mortgage; that he did not record it; that thereby it was not available, as he himself said, and

hence he traded it for the stock in a company formed by Potter on the basis of the very property on which Holbrook held the mortgage; that the mortgage, if recorded and foreclosed, would have paid the note traded to Davidson, and the other notes held on Potter by Holbrook, three times over; and on the main issue, whether or not Davidson agreed, at the time of the trade, that Holbrook should dispose of the mortgage otherwise than to collect the money on the notes secured by it, in the regular way, the evidence is a little conflicting between the plaintiff's oath and the defendant's, but the plaintiff swears positively, and the defendant hesitatingly, even on that point. Holbrook has the land, and has never paid for it, and represented the note on Potter to be good and secured by the mortgage, and afterwards traded the mortgage off, and Potter has been sued to insolvency. If the jury believed the plaintiff's version, it is a strong case for him; and they had the right to believe his version.

In respect to the charge of the court, as set out in the record, it submitted the issue fairly and fully to the jury, and as the presiding judge is satisfied with the verdict, we decline to interfere. Especially as the decided weight of the evidence sustains it in our own judgment.

Some points were made on the charge, but the judge in certifying the bill of exceptions qualifies their correctness as set out in the motion; and even if given as defendant represents them, we think they hardly influenced the finding. Besides, the only objection is, that the charge on the points excepted to is hypothetical, and not supported by evidence, whereas we think there is evidence on which to base the charge as excepted to.

The facts make a case where the verdict is right in law and equity, and ought to stand.

Judgment affirmed.